**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN W. OUGHTRED, Individually And On Behalf Of All Others Similarly Situated | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Case No. 1:08-CV-3295 (SHS)** ) |
| E*TRADE FINANCIAL CORPORATION & E*TRADE SECURITIES LLC, | ) ) ) |
| Defendants. | ) ) ) ) |

## LEAD PLAINTIFFS' REQUEST TO TAKE JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Lead Plaintiffs submit this Request for Judicial Notice in support of their Opposition to Defendants' Motion to Dismiss. *See* Doc. 47. Lead Plaintiffs respectfully request that the Court take Judicial Notice of the Notice of Charges filed by the State of Colorado, which is attached to this Request as Exhibit 1, and the email specifically referenced in paragraph 23 of the Notice of Charges.

## I.      FACTUAL BACKGROUND

On April 23, 2010, Lead Plaintiffs filed their Second Amended Class Action Complaint. *See* Doc. 41. In the Amended Complaint, Lead Plaintiffs allege how E*Trade knew or should have known that the market for auction rate securities ("ARS") was deteriorating and at risk of wholesale failure beginning no later than August 2007, when ARS auctions began to fail. *See* Doc. 41 at ¶ 61, 87-88, 202-03. Lead Plaintiffs additionally allege that because of Defendant E*Trade Securities LLC's ("E*Trade") misleading marketing and sale of auction rate securities, E*Trade's conduct was the subject of on-going state and regulatory investigations. *See id.* at ¶¶ 120-21.

167295                                    1

Defendants filed their Motion to Dismiss on June 4, 2010.  *See* Doc. 44.  On July 9, 2010, Lead Plaintiffs filed their Opposition to Defendants' Motion to Dismiss.  *See* Doc. 47.

On July 21, 2010, after Lead Plaintiffs filed their Amended Complaint and Opposition to Defendants' Motion to Dismiss, the State of Colorado filed a Notice of Charges against E*Trade Securities LLC regarding Defendant E*Trade's marketing and sale of auction rate securities.  Attached to this Request as Exhibit 1 is a true and correct copy of the Notice of Charges, which was published on the website for the Colorado Division of Securities on or about July 21, 2010.  In paragraph 23 of the Notice, the Notice references a previously undisclosed, non-public, internal E*Trade email:

> Furthermore, in October 2007, an E*Trade Retail Fixed Income Manager sent an email referencing an article that detailed the possible collapse of the ARS market.  E*Trade continued to sell ARS to Colorado investors knowing the risk of failure of the Dutch auctions, and did not fully disclose that risk and other material facts to investors.

*See* Exhibit 1 at ¶ 23.  Because of this and other conduct in the marketing and sale of auction rate securities, the Colorado Division of Securities seeks to suspend or revoke E*Trade's broker-dealer license.  *Id.* at ¶¶ 35, 39, 42

The Colorado Notice provides additional factual detail consistent with the allegations specifically pled by Lead Plaintiffs in the Amended Complaint, including that a manager at E*Trade was aware no later than October 2007 that the ARS market was at risk of wholesale collapse.  The existence of this email also undermines arguments made by Defendants in their Motion to Dismiss.

In their Reply Memorandum in Support of their Motion to Dismiss (Doc. 50), which Defendants filed on July 26, 2010 after the publication of the Colorado Notice of Charges, Defendants dispute that there is any evidence that E*Trade knew of the ARS auction failures, the

continuing deterioration of the ARS market or the risk of an ARS market collapse.  Defendants state that Plaintiffs "simply do not plead facts consistent with the supposed fraud they hypothesize.  Plaintiffs do not allege: . . . who in E*Trade's management learned about the auction failures; and when and how did he or she acquire this information."  Doc. 50 at 5. Defendants also state: "Plaintiffs have not alleged any facts suggesting that E*Trade made any false statement or omission related to ARS, engaged in any act—much less a scheme—intended to mislead purchasers of ARS, or that any corporate official had knowledge of any purported misstatement, omission, or scheme."  *Id.* at 1.

Lead Plaintiffs believe that their Amended Complaint already sufficiently pled E*Trade's knowledge of the collapsing auction rate securities market and failure to disclose this material information.  The new facts now revealed by the State of Colorado's Notice of Charges, however, undeniably establish that E*Trade's managers had notice of and access to information regarding the increasing instability of the auction rate securities market and risk of wholesale collapse, which E*Trade failed to disclose to Class Members.  Instead, in the four months following E*Trade's specific access to information about the collapsing ARS market in October 2007, E*Trade continued to misleadingly market and sell ARS to Class Members, including Lead Plaintiff Murari.  *See, e.g.,* Doc. 41 at ¶ 145 (Lead Plaintiff Murari purchased ARS from E*Trade in January 2008).

Lead Plaintiffs request that the Court take judicial notice of the Notice of Charges and the email specifically referenced in the Notice.  Lead Plaintiffs respectfully suggest that these new facts provide additional reasons for the Court to deny Defendants' Motion to Dismiss.

## II.    ARGUMENT AND AUTHORITIES

The Court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).  Judicial notice is mandatory when it is requested by a party and the court is "supplied with the necessary information." FED. R. EVID. 201(d).

In deciding a motion to dismiss, it is appropriate for the Court to consider facts on which it can take judicial notice.  *See Staehr v. Hartford Fin. Servs. Group,* 547 F.3d 406, 425 (2d Cir. 2008) ("Appellants further argue that the District Court erred in considering judicially noticed materials in ruling on the motion to dismiss without first converting the motion to one for summary judgment.  Although the general rule is that a district court may not look outside the complaint and the documents attached thereto in ruling on a Rule 12(b) motion to dismiss, we have acknowledged that the court 'may also consider matters of which judicial notice may be taken.'").

Here, Lead Plaintiffs do not ask the Court to make any finding regarding the truth of the matters asserted in the Colorado Notice.  Instead, Lead Plaintiffs request that the Court merely take judicial notice of the fact of this regulatory filing, which the Court is permitted to do.  *See Kavowras v. New York Times Co.,* 328 F.3d 50, 57 (2d Cir. 2003) ("Kavowras argues that the district court erred in considering his NLRB charge on the defendants' motion to dismiss.  This argument is misplaced: Judicial notice may be taken of public filings . . . ."); *Ode v. Terence Cardinal Cooke (HCC),* No. 08-Civ-1528 (SHS), 2008 WL 5262421, at *1 n.1 (S.D.N.Y. Dec. 12, 2008) ("Judicial notice may be taken of the NLRB proceeding on this motion to dismiss without converting it into a motion for summary judgment.").

Moreover, Lead Plaintiffs respectfully request that the Court take judicial notice of the fact that the Notice filed by the State of Colorado references an internal E*Trade email in which an E*Trade manager had notice of the deterioration of the auction rate securities market and risk of wholesale collapse.  *See Staehr,* 547 F.3d at 425-26 ("We have previously held that it is proper to take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents . . . .  Despite Appellants' assertions to the contrary, the District Court simply took judicial notice of Appellees' exhibits for the purpose of establishing that the information in the various documents was publicly available.  The court did not consider the contents of those exhibits for their truth.").

## III.  CONCLUSION

Lead Plaintiffs respectfully request that the Court take judicial notice of the Colorado Notice of Charges and judicial notice of the email referenced in paragraph 23 of the Notice.

Dated:  August 24, 2010

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

By:  _/s/ Norman E. Siegel_

Norman E. Siegel (admitted *pro hac vice*)
Rachel E. Schwartz (admitted *pro hac vice*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:     (816) 714-7100
Facsimile:      (816) 714-7101

**PLAINTIFFS' LEAD COUNSEL**

**Additional Counsel:**

Christopher A. Seeger (CS-4880)
Stephen A. Weiss (SW-3520)
David R. Buchanan (DB-6368)
**SEEGER WEISS LLP**
One William Street
New York, NY 10004
Telephone:  (212) 584-0700
Facsimile:  (212) 584-0799

167295                                    6

<u>**CERTIFICATE OF SERVICE**</u>

I, Norman E. Siegel, hereby certify that on August 24th, 2010, I caused the following document(s) to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service:

1.      **LEAD PLAINTIFFS' REQUEST TO TAKE JUDICIAL NOTICE**

Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of August, 2010 at Kansas City, Missouri.


            */S/ Norman E. Siegel*